## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PORTIA HARRIS,
              Appellant,

      v.

DEPARTMENT OF DEFENSE,
              Agency.

DOCKET NUMBER
CH-0752-20-0349-I-1

DATE:  June 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlina Wilkes, Indianapolis, Indiana, for the appellant.

Mickey J. Lee, Indianapolis, Indiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The agency has filed a petition for review of the initial decision, which sustained the agency's charges and mitigated the appellant's removal to a 60-day suspension.  For the reasons discussed below, we GRANT the agency's petition for review, AFFIRM the initial decision insofar as it found that the agency proved its charges and established nexus, and REVERSE the initial decision insofar as it

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

mitigated the penalty of removal to a 60-day suspension, reinstating the appellant's removal.

## BACKGROUND

The appellant was employed as a GS-11 Accountant with the Defense Finance Accounting Service in Indianapolis, Indiana. Initial Appeal File (IAF), Tab 7 at 22. The agency proposed the appellant's suspension for 3 days based on three charges: absence without leave (AWOL) for 1 hour on November 8, 2019, failure to request leave in accordance with established procedures on November 8, 2019, and delay in carrying out supervisory instructions (five specifications). *Id*. at 203-08. With her December 19, 2019 response to the proposed suspension, the appellant's union representative argued that the proposed penalty was excessive and submitted an Indianapolis Metropolitan Police Department (IMPD) case report showing that the appellant had been the victim of a carjacking on the evening of November 7, 2019. *Id*. at 78-84. Agency Personnel Security employees reviewed public records and discovered that no calls to either the IMPD or the local county sheriff's office matched the description on the case report included with the appellant's submission. IAF, Tab 7 at 67, 70-73, 82-84, Tab 22 at 6. Further, the case report number the appellant provided matched a drug/narcotic violation as opposed to a carjacking. IAF, Tab 7 at 70, 82, Tab 22 at 6.

The proposing official for the suspension informed the appellant and her representative on December 20, 2019, that the police report she submitted was inconsistent with public records and permitted her 10 workdays to respond. IAF, Tab 7 at 67. Neither the appellant nor her representative responded. *Id*. at 63.

The agency then rescinded the proposed suspension and instead proposed the appellant's removal based on the same charges as in the proposed suspension with the additional charge of conduct unbecoming a Federal employee. *Id*. at 55-62, 203-08. Regarding the conduct unbecoming charge, the notice of

proposed removal explained the basis of the charge as being that, in response to the proposed suspension, the appellant submitted a police report alleging that she was the victim of a carjacking on November 7, 2019, but the report was "not the actual public report that the appellant portrayed it to be." *Id*. at 56. After the appellant replied orally and in writing, the deciding official sustained the charges, and the agency removed the appellant effective March 12, 2020. *Id*. at 23-54. The deciding official considered the appellant's various explanations before ultimately concluding that "there is no police report available that matches the incident as you originally described it, with a case report number that matches public records." *Id*. at 25-26.

The appellant filed a Board appeal alleging that the agency removed her based on false evidence. IAF, Tab 1 at 6. She did not request a hearing. *Id*. at 2. After affording the parties the opportunity to submit evidence and argument,[2] the administrative judge issued an initial decision based on the written record, finding that the agency proved its charges by preponderant evidence and that the agency's action was taken for such cause as promotes the efficiency of the service. IAF, Tab 27, Initial Decision (ID) at 6-13. However, the administrative judge found that the agency failed to prove that removal was within the bounds of reasonableness and mitigated the penalty to a 60-day suspension. ID at 15-19. She ordered the agency to provide interim relief to the appellant if a petition for review was filed by either party. ID at 20.

The agency has filed a petition for review of the initial decision challenging the administrative judge's decision to mitigate the penalty to a 60-day suspension. Petition for Review (PFR) File, Tab 1 at 13-23. With its petition for review, the agency certifies its compliance with the administrative judge's interim relief order and submits a Standard Form (SF) 50 showing that it appointed the appellant, on an interim basis, to her GS-11 position. *Id*. at 24, 26. The appellant

_____

[2] The parties reached extensive stipulations regarding the facts underlying the agency's charges. IAF, Tab 22.

has responded to the petition for review and asserts that the facts stated by the agency are not valid.[3]  PFR File, Tab 3 at 7.  The appellant does not contest the agency's compliance with the administrative judge's interim relief order.[4]  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its charges and nexus.

Relying extensively on the parties' stipulations when appropriate and on detailed factual findings when necessary, the administrative judge sustained the specifications and charges brought by the agency.  ID at 7-12; IAF, Tab 22.  The appellant does not identify any specific error in the administrative judge's findings, and we discern no reason to disturb them.  PFR File, Tab 3 at 7; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board

---

[3] The appellant's response to the petition for review consists of one sentence and does not point to a specific agency document or factual finding by the administrative judge that she believes was erroneous.  PFR File, Tab 3 at 7.  She states that she wants to produce additional facts which were not made available below, but does not set forth the facts or provide documentary evidence, state what facts she wishes to provide, articulate how they would be relevant to her appeal, or explain why she was unable to provide them below.  *Id*.  To the extent that the appellant intended her submission as a cross petition for review, challenging the administrative judge's decision on the charges, if we were to consider it as a cross petition for review, we would deny it because the pleading contains no specifics.  *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

[4] In addition to an SF-50 documenting the appellant's interim appointment, the agency states that the appellant was placed on administrative leave for "three days[,] effective September 22, 2020," and that she was placed in such status because it believed that her presence in the workplace would be unduly disruptive.  PFR File, Tab 1 at 24, 26.  Although this evidence is unclear as to whether the appellant was returned to duty or placed on administrative leave pursuant to an undue disruption determination, resolution of this question is not necessary as both statuses constitute compliance with the interim relief order.  5 C.F.R. § 1201.116(a); *see* 5 U.S.C. § 7701(b)(2).  The appellant does not challenge the agency's compliance with the interim relief order.  PFR File, Tab 3.  Thus, we need not discuss the matter further.  *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 8 n.1 (2016) (finding that the Board need not discuss the provision of interim relief further when the agency certifies its compliance and the appellant does not contest the provision of interim relief).

will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Tines*, 56 M.S.P.R. at 92 (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). The administrative judge also found a nexus between the sustained charges and the efficiency of the service, and the appellant does not contest that finding on review. ID at 13; PFR File, Tab 3 at 7. We discern no reason to disturb the administrative judge's finding regarding nexus. *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that there is sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred in part at work).

Thus, the only issue that remains on review is whether the penalty of removal was reasonable. As discussed below, we find that the penalty of removal was reasonable and that the administrative judge erred in mitigating the removal to a 60-day suspension.

The administrative judge erred in mitigating the agency's penalty selection.

When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 12 (2014); *Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001). In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Powell*, 122 M.S.P.R. 60, ¶ 12; *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20. Thus, the Board will modify an agency-imposed penalty only when the Board finds that the penalty

clearly exceeded the bounds of reasonableness or the agency failed to weigh the relevant factors. *Powell*, 122 M.S.P.R. 60, ¶ 12; *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20. If the agency's penalty is beyond the bounds of reasonableness, the Board will mitigate it only to the extent necessary to bring it within the parameters of reasonableness. *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 8 (2014); *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20. However, if the agency deciding official failed to appropriately consider the relevant *Douglas* factors,[5] the Board need not defer to the agency's penalty determination. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013); *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20.

Here, the administrative judge found that the agency failed to properly weigh the relevant *Douglas* factors, reweighed them herself, and concluded that a 60-day suspension was the maximum reasonable penalty. ID at 16-19. The agency argues on review that it correctly applied the *Douglas* factors and that the administrative judge made erroneous findings of fact regarding the deciding official's penalty determination and that she improperly substituted her judgment for that of the agency. PFR File, Tab 1 at 14-22. After reviewing the record, we agree with the agency and find that the administrative judge erred by mitigating the penalty to a 60-day suspension.

As noted above, the agency initially proposed to suspend the appellant for 3 days based on the charges of absence without leave (AWOL) for 1 hour, failure to request leave in accordance with established procedures, and delay in carrying out supervisory instructions (five specifications). IAF, Tab 7 at 203-08. After the appellant replied to that proposal, the agency rescinded the proposal, added the additional charge of conduct unbecoming a Federal employee to the original charges, and ultimately removed the appellant. *Id*. at 25-31, 55-62. Thus, it is clear that the agency considered the conduct unbecoming charge as far more serious than the initial charges and that the additional charge justified the

---

[5] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a nonexhaustive list of factors that are relevant in determining the appropriateness of the penalty for an act of misconduct.

increased penalty of removal. Therefore, we must decide whether the conduct unbecoming charge, largely by itself, supports the appellant's removal, and as the administrative judge did, we focus our analysis on that charge.

*Contrary to the administrative judge's finding, the deciding official correctly applied the table of penalties.*

In reviewing the agency's penalty selection, the administrative judge first observed that the deciding official incorrectly applied the table of penalties to the conduct unbecoming charge. ID at 17. The administrative judge explained that the deciding official cited to a provision of the agency's table of penalties which provides for the penalty of removal for a first offense of "falsification or misrepresentation of an employment application, appointment affidavit or security background" and also cited to a provision that provides for removal for a first offense of "knowingly providing false testimony in connection with an official investigation, proceeding, or inquiry," and that "[t]he record clearly shows" that the appellant did not offer the carjacking explanation in regards to an employment application or one of the other activities set forth in the table of penalties. *Id.*; IAF, Tab 7 at 27, 336. The administrative judge further explained that the agency did not charge the appellant with making false statements or submitting false documents. ID at 17. On review, the agency argues that the deciding official did not misapply the agency's table of penalties. PFR File, Tab 1 at 15-16.

The deciding official stated in the decision notice that the table of penalties "serves as a guide in determining penalties," a statement fully supported by the language in the table of penalties, which states that it "provides penalty guidelines for [agency] supervisors when a disciplinary action is taken against an employee," and that the "actual penalty determination is within the discretion of the supervisor, depending on the facts and circumstances of each situation." IAF, Tab 7 at 27, 331. The deciding official also specifically stated in his Douglas Factor Worksheet that the table of penalties did not include conduct unbecoming

and therefore he analogized to "comparator charges that most closely resemble the charge of conduct unbecoming a Federal employee" in the appellant's case. IAF, Tab 7 at 33. In his decision letter, the deciding official described the two charges listed on the table of penalties that he referenced as "most closely relate[d] to [the appellant's] specified conduct under the charge of conduct unbecoming a Federal employee." *Id*. at 27.

When an agency describes the table of penalties as a "guide," it is not mandatory. *Taylor v. Department of Veterans Affairs*, 112 M.S.P.R. 423, ¶ 10 (2009); *see Farrell v. Department of the Interior*, 314 F.3d 584, 590-593 (Fed. Cir. 2002). In addition, when an employee's specific misconduct is not delineated in an agency's table of penalties, it is within the deciding official's discretion to apply the listed misconduct that most nearly resembles the circumstances in the appellant's case. *Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 17 (2003), *aff'd*, 131 F. App'x 709 (Fed. Cir. 2005); *see Farrell*, 314 F.3d at 592-93.

Here, we find that the table of penalties was only a guide and thus the deciding official was free to deviate from it. In addition, because the table of penalties did not include the specific offense of conduct unbecoming, the deciding official properly analogized it to delineated misconduct that closely resembled the appellant's misconduct. The agency charged the appellant with conduct unbecoming a Federal employee for submitting, as part of her reply to the proposed suspension, a police report showing that she was the victim of a carjacking, which did not comport with the public records. IAF, Tab 7 at 25, 56. Thus, the gravamen of the agency's charge was essentially that the appellant provided incorrect information to the deciding official in response to the notice of proposed suspension. We discern no error in the deciding official relying on the comparable offenses as he did.[6]

---

[6] The administrative judge observed that the appellant presented evidence that her car was stolen and was in an accident on the day of the purported carjacking, which, according to the administrative judge, the agency did not dispute. ID at 18. Contrary to

*The administrative judge erred by finding that the agency's failure to show that other employees have been removed for similar misconduct supports mitigation of the penalty.*

In her initial decision, the administrative judge found that the agency did not provide evidence that other employees were removed for offenses similar to those committed by the appellant. ID at 18. The agency argues on review that the absence of evidence of comparator employees cannot be a basis to find that the penalty is not reasonable. PFR File, Tab 1 at 19-20.

The consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. *Singh v. U.S. Postal* Service, 2022 MSPB 15, ¶ 18. Because not every *Douglas* factor is relevant in every adverse action, *Chatman v. Department of the Army*, 73 M.S.P.R. 582, 586 (1997), before the consistency of the penalty is at issue in an appeal, the appellant must first identify a comparator employee who was treated differently, *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 11 (2014). In *Batara*, 123 M.S.P.R. 278, ¶ 14, the Board addressed a situation in which neither party identified a valid comparator employee and there was no evidence as to the consistency of the penalty, and it found that the lack of such evidence was not a basis to conclude that the penalty of removal exceeded the bounds of reasonableness.

In this appeal, the appellant did not raise the issue of the consistency of the penalty levied against similarly situated employees below or on review and has not identified a comparator employee. Thus, it was error for the administrative judge to rely on the agency's failure to provide evidence of comparator

the administrative judge's finding, the agency noted various inconsistencies with the appellant's claims about the accident and vehicle theft, including the time and location of the purported accident and theft. IAF, Tab 7 at 26, Tab 25 at 30-34. Regardless, even if the appellant's vehicle was stolen and was in an accident, the fact remains that the appellant, over a significant period of time, continued to stand behind the police report purportedly showing that she was the victim of a carjacking, which was inconsistent with the public records.

employees to support her decision to mitigate the penalty. The absence of evidence of comparator employees does not cause us to find that the agency's penalty determination was not entitled to deference or that the penalty of removal was unreasonable.[7]

*The administrative judge erred by finding that the agency's failure to specifically inform the appellant that she could be disciplined for her misconduct supports mitigation of the penalty.*

In support of her decision to mitigate the penalty, the administrative judge observed that the appellant was not on notice that her assertions and submissions while replying to the proposed suspension would be the basis for discipline. ID at 18. The agency asserts on review that the administrative judge's finding is belied by the evidence. PFR File, Tab 1 at 21.

The appellant was provided with an opportunity to provide an explanation as to why the police report she submitted was inconsistent with public records, and she did not do so. IAF, Tab 7 at 56, 63. The notice of proposed removal also specifically informed her that the agency was relying on her submission of a police report that was not the actual public record she portrayed it to be. *Id.* at 56. Thus, the agency provided the appellant advanced notice that it considered her actions to constitute misconduct.

Further, an agency may reasonably require Federal employees to exercise good judgment, notwithstanding a lack of literal guidance from an agency rule, regulation, or other statement of agency policy. *See Boyer v. Department of the Navy*, No. 94-3032 *2 (Fed. Cir. May 26, 1995).[8] An agency therefore is not

_____

[7] As the agency notes in its petition for review, the fact that the appellant engaged in misconduct that was novel is not a basis to restrict the agency's ability to discipline her. PFR File, Tab 1 at 20. Our reviewing court has held that the fact that there may be no direct precedent for the action taken in a particular case does not, however, prohibit the agency from taking an adverse action if it is consistent with general principles of Federal employment law. *Brown v. Department of the Navy*, 229 F.3d 1356, 1363 (Fed. Cir. 2000).

[8] The Board may rely on nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *Graves v.*

required to specifically prohibit every type of possible misconduct. *See Brown v. Department of Transportation*, 735 F.2d 543, 548 (Fed. Cir. 1984) (observing that the employee's "common sense should have forewarned him" of the possibility of discipline for his actions even though they were not specifically prohibited).

The lack of a specific rule that submission of a police report that does not comport with public records during a formal agency process can result in discipline is not a mitigating factor under the circumstances of this case. The appellant knew or should have known that it was improper to provide such a police report. Even if the agency did not provide an express warning to the appellant regarding the adverse consequences of the actions described in the charge of conduct unbecoming, common sense should have forewarned her. *Brown*, 229 F.3d at 1363. Thus, we find that the administrative judge erred in considering the lack of specific notice as a mitigating factor.

> *The administrative judge erred in finding that the appellant showed rehabilitative potential.*

In her initial decision, the administrative judge found that the appellant took responsibility for some of the charges and specifications against her and thus showed that she had a potential for rehabilitation. ID at 18. In its petition for review, the agency disagrees with the administrative judge's finding and argues that the deciding official was in the most appropriate position to determine the appellant's rehabilitative potential and that he correctly concluded that the appellant did not have such potential based on her extended pattern of providing false and/or inconsistent information. PFR File, Tab 1 at 17-18.

The Board may abandon its deference to an agency's penalty determination if the deciding official misjudged the appellant's rehabilitative potential. *Von Muller v. Department of Energy*, 101 M.S.P.R. 91, ¶ 21 (2005), *aff'd*, 204 F. App'x 17 (Fed. Cir. 2006); *see Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶ 24-25 (mitigating the agency-imposed penalty based, in part, on the Board's

*Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 10 n.1 (2016).

disagreement with the deciding official's assessment of the employee's potential for rehabilitation). Here, the deciding official stated that he had lost faith and confidence in the appellant's trustworthiness as a Federal employee and her willingness to take the necessary actions to correct her conduct. IAF, Tab 7 at 27. The deciding official further stated that he believed that the appellant did not have rehabilitative potential because he could not rely on her to perform her duties in a timely manner, to comply with agency rules governing time and attendance, and to be honest and forthcoming. *Id*. The deciding official did not misjudge the appellant's rehabilitative potential.

An employee's rationalizations and lack of remorse for proven misconduct indicate that she has little rehabilitative potential. *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 26 (2008). Although, as the administrative judge noted, the appellant admitted to some of the charges and specifications, the appellant did not apologize or acknowledge any wrongdoing for the police report she provided that was inconsistent with the public records. In fact, in her response to the proposed removal, the appellant continued to deflect responsibility and appeared to be avoiding responsibility for her actions. IAF, Tab 7 at 35-36. Thus, under the circumstances, we find that the administrative judge erred in disturbing the agency deciding official's assessment of the appellant's potential for rehabilitation.[9]

---

[9] The agency argues that the administrative judge diminished the significance of the appellant's misconduct when she stated that the "disputed false documents and explanations involved an off-duty carjacking and off-duty car accident" and cited *Kelly v. Department of Health and Human Services*, 46 M.S.P.R. 358 (1990), a case in which the Board mitigated a removal to a 90-day suspension when an appellant's off-duty misconduct did not affect the performance of her job functions. PFR File, Tab 1 at 16; ID at 18. The agency notes, in particular, that it did not remove the appellant for off-duty conduct but for providing an inaccurate document in response to her proposed suspension. PFR File, Tab 1 at 19. To the extent the administrative judge considered the appellant's misconduct as involving off-duty misconduct, she erred. The agency did not discipline the appellant for off-duty misconduct.

The agency deciding official properly weighed the *Douglas* factors, and the penalty of removal is within the tolerable limits of reasonableness.

Having found that the administrative judge erred in her assessment of the agency's penalty determination, we now consider whether the penalty of removal is within the tolerable limits of reasonableness. We consider, first and foremost, the nature and seriousness of the appellant's misconduct, its relation to her job duties, and whether the misconduct was intentional or frequently repeated. *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 11 (2015). We find that providing an inaccurate document to the agency as part of an official process—a response to a proposed suspension—is a serious offense that strikes at the very core of the employee-employer relationship. *See Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 6 (2005) (stating that lack of candor is a serious offense); *Wheeler v. Department of the Army*, 47 M.S.P.R. 240, 246-47 (1991) (finding that falsification is a very serious offense). Moreover, the appellant's misconduct was intentional and was conducted over a period of time, which adds to its seriousness. *See Honeyman v. Department of the Navy*, 46 M.S.P.R. 136, 143 (1990) (noting the intentional and repeated nature of the appellant's misconduct supported a finding that removal was a reasonable penalty). In addition, as discussed above, we understand the agency's loss of trust and confidence in the appellant, her lack of rehabilitative potential, and that, while the appellant's precise misconduct is not listed on the table of penalties, the suggested discipline for similar acts of misconduct is removal.

Weighed against these factors, we note the appellant's over 12 years of Federal civilian service, her satisfactory past work record, and her lack of prior discipline. All of these are mitigating factors.[10] *See Jackson v. Veterans Administration*, 14 M.S.P.R. 61, 64 (1982) (finding that the employee's length of

---

[10] The agency deciding official noted that the appellant had recently sought assistance through the Employee Assistance Program and that was a mitigating factor. IAF, Tab 7 at 27. While the circumstances surrounding the appellant seeking assistance are not in the record, we have also considered it as a mitigating factor.

service and satisfactory employment record were mitigating factors). They are, however, insufficient to outweigh the sustained misconduct of AWOL, failure to request leave in accordance with establish procedures, delay in carrying out supervisory instructions, and most importantly, the charge of conduct unbecoming a Federal employee and its attendant circumstances.

Based on the foregoing, we find that the penalty of removal is within the tolerable limits of reasonableness. We grant the agency's petition for review, affirm the initial decision insofar as it found that the agency proved its charges and the existence of a nexus, and reverse the initial decision insofar as it mitigated the penalty of removal to a 60-day suspension. The agency's removal action is affirmed.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.